UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **VINCENT TORRE JR.,** | ) |
| Plaintiff | ) |
| v. | ) No. 2:25-cv-00128-NT |
| **VICTORIA LANE et al.,** | ) |
| Defendants | ) |

### RECOMMENDED DISMISSAL

In his pro se complaint, Vincent Torre Jr. brings various claims against Maine State Police Trooper Victoria Lane, the Cumberland County Sheriff's Office, and the Windham Police Department and asks this Court to, among other things, "[i]ssue an immediate ruling" in his favor "without a hearing," "[o]rder the immediate return of [his] children," and impose "punitive damages." Complaint (ECF No. 1) at 1-3. Torre did not pay the filing fee or apply to proceed *in forma pauperis* (IFP).

Rather than ordering Torre to pay the filing fee or file an IFP application, I recommend that this Court exercise its inherent authority and **DISMISS** his complaint. *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307-08 (1989) ("[28 U.S.C. § 1915(e)] . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt that they would have power to do so even in the absence of this statutory provision."). Even with a liberal reading, Torre's complaint lacks sufficient detail to state a claim against Lane, *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007),

1

and the Cumberland County Sheriff's Office and Windham Police Department[1] are not amenable to suit, *see Farrington v. Fairfield Police Dep't*, No. 1:23-cv-00362-LEW, 2024 WL 2272266, at *3 n.2 (D. Me. May 20, 2024) (noting that a plaintiff's claims were "subject to dismissal . . . because a municipal police department lacks the capacity to be sued"). Moreover, the primary relief Torre seeks—an immediate ruling in his favor and the return of his children—is both procedurally improper and beyond this Court's authority. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (holding that the "domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees").

## *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: April 7, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[1] Even if I assume that Torre intended to bring claims against Cumberland County and the Town of Windham, his claims against those entities would still fail because he has not alleged sufficient facts to support a claim of municipal liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983.").

2